UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No:   24-cv-07492

ROLL & HILL, LLC,

    Plaintiff,

vs.

HPG INTERNATIONAL, LLC, MICHAELIS BOYD,
INC., MARRIOTT INTERNATIONAL, INC. and
THE LIGHTSTONE GROUP, LLC

    Defendants.
_____/

## COMPLAINT

Plaintiff Roll & Hill, LLC ("Plaintiff" or "Roll & Hill") sues Defendants HPG International, LLC ("HPG"), Michaelis Boyd, Inc. ("Michaelis Boyd"), Marriott International, Inc. ("Marriott"), and The Lightstone Group, LLC ("Lightstone") (collectively "Defendants"), and in support thereof, states as follows:

### INTRODUCTION

1. This action was necessitated by Defendants' calculated actions to knock off Plaintiff's patented Krane lighting fixture in order to save money to furnish the swanky Lower East Side Moxy Hotel located at the street address 145 Bowery, New York, NY 10002 (the "Moxy Hotel").  In an effort to save money, Defendants collectively reached out to Roll & Hill, obtained pricing information for the Krane lighting fixture, obtained a sample of the fixture, and then sent the sample overseas to China to create a cheap knockoff which was inevitably placed in hundreds of rooms at the Moxy Hotel.  In doing so, they not only infringed upon United States Design Patent US D824,077 (the "Design Patent"), for which Roll & Hill is the exclusive licensee, they also  committed deceptive and unfair trade practices in violation of New York law.

Case No:   24-cv-07492

## JURISDICTION, VENUE, AND PARTIES

2. This is an action for patent infringement and violations of New York State law which are detailed below.

3. Jurisdiction is conferred on this Court by 15 U.S.C. 1121 and 28 U.S.C. 1338.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367 over all state law claims derived from a common nucleus of operative facts.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b).

5. Plaintiff, Roll & Hill LLC is a limited liability company organized and existing under the laws of the State of New York with its principal place of business in New York, New York.

6. Defendant HPG International, LLC is a California corporation with its principal place of business located at 350 North Wiget Lane, Walnut Creek, California 94598.  HPG acted as the "purchasing agent" for the guest rooms at the Moxy Hotel.  This means that HPG was responsible for the procurement of the furnishings of the Moxy Hotel's guest rooms including the light fixtures which are the subject of this lawsuit.  HPG regularly and systemically conducts business in New York.  In fact, the HPG website advertises and promotes numerous projects located in Manhattan for which it served as the purchasing agent.  Additionally, as it relates to the present matter, the commercial activities of HPG caused injury to Roll & Hill in New York and this jurisdiction.

7. Defendant Michaelis Boyd, Inc. is a New York corporation with its principal place of business located at 150 W. 25th Street, New York, NY 10001.  Michaelis Boyd is an architectural and interior design firm and it designed the interiors of the Moxy Hotel including the guest rooms.

8. Defendant Marriott International, Inc. is a Delaware corporation with its principal place of business located in Bethesda, Maryland.  Marriott is an international hotel chain with numerous

Case No:   24-cv-07492

hotels located in the Southern District of New York.  Mariott, through a licensing agreement with the Lightstone Group, serves as the "flag" for the Moxy Hotel.

9.  Defendant The Lightstone Group, LLC is a New Jersey limited liability company with its principal place of business located at 299 Park Avenue, New York, NY 10171.  Lightstone Group is the owner of the Moxy hotel.

10. The Court has personal jurisdiction over Defendants because Defendants have continuous and systematic contacts with New York, and/or are incorporated in New York, and/or have their principal places of business located in New York.

11. In addition, all the Defendants have conducted business in this District and have committed torts within the State of New York which are the subject of this action.

## BACKGROUND

**The Krane Lighting Fixture:**

12. Roll & Hill is a design-minded American furniture and lighting company based in New York.  The company collaborates with some of the most exciting independent designers working today to create its exceptional collection.

13. Roll & Hill is committed to on-demand production.  With its manufacturing facilities located in Grand Rapids, Michigan, the company makes its furniture and lighting by hand, one piece at a time.  Their designs draw from a rich material palette including brass, bronze, leather, wood, hand-knotted rope, and mouth-blown glass.

14. As part of Roll & Hill's intellectual property portfolio, they serve as the exclusive licensee of United States Design Patent US D824,077 (the "Design Patent").  *See* Exhibit "A".

15. Amongst other things, the Design Patent protects the design of Ladies & Gentlemen Studio and Vera & Kyte's lighting fixture named Krane (the "Krane Fixture") which is exclusively produced and distributed by Roll & Hill through an exclusive licensing agreement.

16. The Krane lighting fixture has a retail price of $4,490. The following is an example of an authentic version of the Krane lighting fixture:



**Michaelis Boyd and HPG Express an Interest in a Bulk Purchase of the Krane Fixture:**

17. Michaelis Boyd was first introduced to Roll & Hill at an October 25, 2018 lunch and learn at the Roll & Hill showroom.

18. After that initial introduction, representatives from Roll & Hill and Michaelis Boyd remained in touch.

19. Later, in October, 2019, Michaelis Boyd along with a project manager, HPG International, reached out to Ladies & Gentlemen Studio/Roll & Hill about lighting products for a

Case No:   24-cv-07492

new project that they were jointly working on – the Moxy NYC Lower East Side located in New York, New York.

20. At the time, Michaelis Boyd and HPG International were interested in both the "Odds & Ends" light fixture as well as the Krane Fixture.

21. After discussion between the parties, on October 18, 2019 HPG ordered a sample Krane Fixture on a rush basis. The Krane Fixture was ordered for a Moxy Hotel model room which HPG and Michaelis Boyd were creating.

22. The sample light fixture was shipped to HPG on November 4, 2019. In connection with the purchase of the Krane Fixture, HPG and Michaelis Boyd requested a quote for 210 Krane Fixtures which would be used in the majority of the rooms at the Moxy Hotel.

23. After receiving the sample Krane Fixture and a price quote from Ladies & Gentlemen Studio/Roll & Hill, both HPG and Michaelis Boyd effectively ceased substantively communicating with Ladies & Gentlemen Studio/Roll & Hill.

**Defendants' Duplicitous Conduct Revealed:**

24. At the time, Roll & Hill presumed that ownership of the Moxy Hotel decided to go in a different direction with the design of the room and chose a different light fixture.

25. However, upon the opening of the Moxy Hotel, the duplicitous conduct of HPG Internatinoal, Michaelis Boyd, Marriott, and Lightstone Group was revealed.

26. Instead of purchasing the Krane Fixture from Roll & Hill, they took the sample that was provided by Roll & Hill and had a Chinese manufacturer create a cheap knockoff of the piece which is now situated in the majority of the rooms at the Moxy Hotel.

27. This was hidden from Roll & Hill until the time that the Moxy opened its doors to the public in late 2022.

28. A side by side comparison of the knockoff fixture used by the Moxy Hotel and the authentic and patented Krane fixture can be seen as follows:

 

29. The Design Patent protects the following design:



LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

Case No:  24-cv-07492

30. Earlier this year representatives from Roll & Hill were able to confirm that the knockoff Krane Fixtures at the Moxy Hotel are cheap and inauthentic versions of the Roll & Hill version.

31. The UL Number of one of the knockoff fixtures confirms that it was produced in a Chinese factory which is in no way affiliated with Roll & Hill.

32. In the eye of an ordinary observer, the design of the Krane Fixture, which is protected by the Design Patent, is substantially the same as the ligiting fixture utilized at the Moxy Hotel.  Thus, the resemblance between the two is such that it would deceive such an observer who would suppose that the Moxy Fixture is the Krane Fixture.

33. Defendants' actions constitute patent infringement because the design of the Krane Fixture is protected by the Design Patent.

34. Defendants conduct also violates New York's unfair competition statutes.

35. Plaintiffs has performed all conditions precedent to bringing this action or said conditions have been excused or waived.

36. Plaintiff has engaged undersigned counsel to represent it in this action and has agreed to pay counsel a reasonable fee for their services for which Defendants are liable.

**COUNT I – DIRECT PATENT INFRINGEMENT OF THE DESIGN PATENT**

(Patent Infringement pursuant to 35 U.S.C. §271(g) against all Defendants)

37. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 36.

38. Defendants, acting alone or under the direction or control of one another have infringed the Design Patent for the reasons set forth above.

39. Defendants, acting alone, in concert, or under the direction or control of one or more of the other Defendants, imported the infringing lighting fixtures into the United States for utilization in the guest rooms of the Moxy Hotel.

Case No:   24-cv-07492

40. Defendants, acting alone, in concert, or under the direction or control of one or more of the other Defendants, market, distribute, offer for sale, or sell the infringing lighting fixtures into the United States for utilization in the guest rooms of the Moxy Hotel.

41. Pursuant to 35 U.S.C. § 271(g), Defendants have infringed and continue to infringe the Design Patent.

## COUNT II – INDUCED PATENT INFRINGEMENT OF THE DESIGN PATENT

(Patent Infringement pursuant to 35 U.S.C. §271(g) against all Defendants)

42. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 36.

43. Defendants, acting alone or under the direction or control of one another, have infringed the Design Patent for the reasons set forth above.

44. Defendants knew or should have known that the offer for sale, or sale in the United States of the infringing lighting fixutres used at the Moxy Hotel infringe the claims of the Design Patent.

45. Defendants, acting alone, in concert, or under the direction or control of one or more of the other Defendants, with specific intent, have induced the marketing, distribution, offer for sale, or sale of the infringing lighting fixtures for utilization in the guest rooms of the Moxy Hotel.

46. Pursuant to 35 U.S.C. § 271(b), Defendants have infringed and continue to infringe the Design Patent.

## COUNT III – COMMON LAW UNFAIR COMPETITION

(Against all Defendants)

47. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 36.

48. Through the above described conduct, Defendants have misappropriated the labors and expenditures of Plaintiffs in bad faith for the purpose of misleading the public and exploiting Plaintiffs

Case No: 24-cv-07492

work for their own improper commercial benefit and gain.

49. Defendants are passing off inferior lighting design copies as Plaintiffs. In so doing, Defendants pass off products as authentic patented designs when in fact they are not.

50. The consuming public is likely to be confused as to the source and origin of the lighting fixtures utilized by Defendants. Upon information and belief, actual confusion has occurred as a result of Defendants' bad faith conduct.

51. The activities of Defendants complained of herein constitute unfair competition; are in total disregard of Plaintiff's rights, and were commenced and have continued in spite of Defendants' knowledge that their conduct was in bad faith and in direct contravention of Plaintiff's rights.

52. Plaintiff has suffered (and continues to suffer) irreparable harm and damages as a result of Defendants' above-described activities, including false association between the parties and a lessening of the goodwill residing in the Design Patent. Defendants will, unless preliminarily and permanently restrained and enjoined, continue to act in the unlawful manner complained of herein, thus causing Plaintiff irreparable harm. Plaintiff's remedy at law is not adequate to compensate them for the injuries suffered and threatened.

## DEMAND

**WHEREFORE**, Plaintiff Roll & Hill, LLC demands entry of Final Judgment against Defendants to:

A. Adjudge that Defendants directly infringed the Design Patent;

B. Adjudge that Defendants induced infringement of the Design Patent;

C. Award Plaintiffs damages for Defendants violation of New York's unfair competition laws;

D. Permanently enjoin Defendants from infringing the Design Patent;

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

Case No:  24-cv-07492

E. Award Plaintiff damages adequate to compensate for Defendants' infringement of the Design Patent.

F. Award Plaintiff increased damages under 35 U.S.C. § 284 for Defendants willful and deliberate infringement of the Design Patent;

G. Declare this to be an exceptional case under 35 U.S.C. § 285;

H. Award Plaitniff its attorney fees and costs incurred in prosecuting this action, together with pre-judgment and post-judgment interest; and

I. Grant Plaitniff any such other and further relief as this Court deems just and proper.

Dated: October 2, 2024

Respectfully submitted,

Becker & Poliakoff, P.A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33301
Telephone:  (954) 987-7550
Facsimile:  (954) 985-4176
grosen@beckerlawyers.com
eberger@beckerlawyers.com


By:___/s/ Gary C. Rosen, Esq._____
   Gary C. Rosen, Esq.
   NY Bar No. 5581616

   Evan B. Berger, Esq.
   FL Bar No. 71479
   *(pro hac vice application pending)*